# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| OLAMIDE OLATAYO BELLO, #65100510 § § | |
| § | CIVIL CASE NO. 4:24-CV-352 |
| VS. § § | |
| UNITED STATES OF AMERICA § | |

## MEMORANDUM OPINION AND ORDER

Proceeding *pro se*, plaintiff Olamide Olatayo Bello, a pretrial detainee at the Fannin County Detention Center, filed a claim pursuant to the Federal Tort Claims Act. *See* 28 U.S.C. § 2271.

### BACKGROUND

On April 15, 2024, Plaintiff filed a hand-written complaint, stating that he was "assaulted and escaped a murder attempt by another inmate while incarcerated" at the Fannin County Detention Center on April 1, 2024 (Dkt. #1). Plaintiff states that the "gravamen of this complaint is that the prison officials were negligent in their supervision and classification of inmates which led to the Petitioner's assault, attempted murder" and that he has also been deprived of personal items. *Id*. Plaintiff specifically pleads negligence against the United States of America and seeks damages. *Id*.

On August 11, 2024, the Magistrate Judge ordered Plaintiff to pay the initial partial filing fee of $114.46 (Dkt. #9). The initial partial filing fee was calculated from Plaintiff's inmate trust account statement for the preceding six-month period as required by the Prison Litigation Reform Act. Plaintiff then filed a Motion for Waiver

of Initial Partial Filing Fee and Motion to Proceed *In Forma Pauperis* on August 30, 2024 (Dkt. #14). Plaintiff provided a handwritten affidavit of poverty that appeared to be based on the form for non-prisoners. Because Plaintiff is incarcerated, the Magistrate Judge ordered Plaintiff to provide a copy of his inmate trust account statement for the preceding six-month period, for the court to ascertain if Plaintiff's financial circumstances have changed (Dkt. #28). The Magistrate Judge denied the Motion for Waiver of Initial Partial Filing Fee and Motion to Proceed *In Forma Pauperis* on November 26, 2024, and gave Plaintiff 30 days to either pay the initial partial filing fee of $111.46 or provide the court with a current certified copy of his inmate trust account for the preceding six-month period. *Id.* The Magistrate Judge admonished Plaintiff that failure to comply with the order may result in dismissal of his case for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). *Id.* More than ample time has passed, yet Plaintiff has failed to comply with this order.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)). Plaintiff has failed to pay the initial partial filing fee of $111.46 or submit an updated certified

copy of his inmate trust account for the preceding six-month period.  Plaintiff has failed to diligently prosecute his case.

## **ORDER**

It is therefore **ORDERED** that this FTCA action filed pursuant to 28 U.S.C. § 2271 is **DISMISSED WITHOUT PREJUDICE** for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).  The Clerk of Court is directed to **CLOSE** this civil action.

**So ORDERED and SIGNED this 27th day of March, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE